893 So.2d 700 (2005)
Stanislaw MATAJEK, a/k/a Stanley Matajek, Appellant,
v.
Leokadia SKOWRONSKA, Appellee.
No. 5D04-2783.
District Court of Appeal of Florida, Fifth District.
February 18, 2005.
*701 Brian J. Almengual of Almengual & Treuhaft, P.A., Tampa, for Appellant.
Louis Ossinsky, Jr., of Ossinsky and Krol, P.A., Daytona Beach, for Appellee.
PER CURIAM.

ON ORDER TO SHOW CAUSE
Attorney Brian J. Almengual filed a response to an order to show cause, issued by this court, as to why the appellate mediation questionnaire, forwarded by this court to Almengual and due back to the court in August 2004, was not filed by him until November 1, 2004. Finding the response insufficient, we hereby impose sanctions against Almengual (pursuant to rule 9.410 of the Florida Rules of Appellate Procedure).
In his response to the court's order show cause, Almengual set forth five grounds which he contended constituted excusable neglect for failing to timely file the mediation questionnaire. Four of the five grounds provide no justifiable basis for the late filing and the fifth, as discussed below, would justify some delay in the filing, but not the instant delay which exceeded two months.
The first basis of excusable neglect alleged by counsel was that his offices were relocated in June 2004 to a location which was not completely built out until September of 2004. This occurrence provides no basis for excusable neglect in this matter because an attorney has an obligation to accomplish any relocation in a way as not to infringe on his ability to fulfill his required duties to the court and his clients. In addition, his relocation until September of 2004 does not provide any excusable neglect for why this questionnaire was not filed until November of 2004.
Counsel next contended that excusable neglect resulted from the fact that he was involved in negotiations to form a new law firm from August 2004 through October 22, 2004. Once again, this activity does not constitute excusable neglect because an attorney who becomes involved in negotiations to form a law firm must do so in a way as to not infringe upon his legal obligations to his clients and to the court.
Counsel further contended that excusable neglect resulted from the fact that he had been in transition with staff, and had gone through five secretaries, receptionists, and associates since July 1, 2004. Once again, this occurrence provides no basis for excusable neglect as counsel is under a continuing obligation to perform his required duties to the court and to his clients regardless of staff changes.
Counsel also maintained that excusable neglect existed because his office was in the direct path of three hurricanes, which circumstance resulted in the office being closed for nearly ten working days. While such events did provide good cause for a delay in filing the questionnaire for those ten days, they do not provide excusable neglect for filing the questionnaire over two months late.
Lastly, counsel contended that his client suffered health problems which required him to return to his native Poland for treatment shortly after the filing of the instant notice of appeal. That event did not prevent counsel from completing this court's mediation questionnaire, since the questionnaire calls for a description of the case, which can be provided by counsel, and is signed solely by counsel.
Concluding that Almengual's response to this court's show cause order sets forth no good cause for the unreasonable delay in filing the mediation questionnaire, but merely asserts insufficient excuses for same, the imposition of sanctions is warranted. *702 Although this court is generally hesitant to impose sanctions against attorneys, the circumstances of this case justify them. Accordingly, we hereby impose sanctions against Almengual in the amount of $250.00. Said amount must be paid to the clerk of this court within 30 days from the date of this opinion and can not be charged by Almengual to his client.
SANCTIONS IMPOSED.
SHARP, W., PLEUS and PALMER, JJ., concur.